UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID DALL,                           :
                                      :
        Plaintiff,                    :
                                      :
    v.                                :
                                      :
CERTIFIED SALES, INC.,                :        CASE NO. 3:08CV19(DFM)
                                      :
        Defendant,                    :
                                      :
    v.                                :
                                      :
NORTHERN INS. CO.                     :
                                      :
        Third-Party Defendant.        :

RULING ON MOTION TO AMEND

Pending before the court is the plaintiff's Motion for Leave
to File a First Amended Complaint, doc. #100.  The plaintiff
filed the motion on February 6, 2011, with jury selection
scheduled for February 9, 2011 and trial scheduled to commence on
February 15, 2011.  The defendant and third-party defendant
object to the motion.

Fed. R. Civ. P. 15(a) provides that, once a responsive
pleading has been served, a plaintiff may amend his or her
complaint only by leave of court or with written consent of the
adverse party.  "The court should freely give leave when justice
so requires."  Fed. R. Civ. P. 15(a)(2).  However, where the
court has entered a scheduling order, the lenient standard under
Rule 15(a) must be balanced against the requirement under Rule
16(b) that the Court's scheduling order "shall not be modified

except upon a showing of good cause." See Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003); Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 16(b).  Under Rule 16(b), a court may exercise its discretion to deny a motion to amend due to the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment.  See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000). See also Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) (motion to amend filed two and a half years after the commencement of the action and three months prior to trial was properly denied due to undue delay); John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (denial of motion to amend was proper where it was filed more than four months after the court's deadline for amendments).

     The plaintiff contends that the amended complaint merely restates the same facts and "overall legal theories" as his original complaint.  However, the proposed amended complaint includes entirely new claims of unjust enrichment, "restitution," and quantum meruit.  To the extent the proposed amended complaint attempts to change or restate his previously made claims, such an amendment also comes too late.  The plaintiff provides no explanation for delaying until the eve of trial to amend, and the

defendant and third party defendant would be prejudiced by adding

new issues and theories at such a late date.  Therefore, the

plaintiff's Motion to Amend, doc. #100, is DENIED.

     SO ORDERED at Hartford, Connecticut this 15th day of

February, 2011.

                _____/s/_____
                Donna F. Martinez
                United States Magistrate Judge