UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID DALL,
    Plaintiff,

v.

CERTIFIED SALES, INC.,       CASE NO. 3:08CV19(DFM)

    Defendant,

v.

NORTHERN INS. CO.

    Third-Party Defendant.

### RULING ON MOTION *IN LIMINE* (SPOLIATION)

Pending before the court is the Third Party Defendant's Motion *in Limine*, doc. #92, which asks the court to preclude certain evidence due to the plaintiff's alleged spoliation of evidence.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire and Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (citation omitted). "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001). "[A] district court may impose sanctions for spoliation, exercising its

inherent power to control litigation." West v. Goodyear Tire and Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).

A party seeking sanctions based on the spoliation of evidence must establish three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the evidence was destroyed with a "culpable state of mind;" and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 430 (S.D.N.Y. 2004)(citing Byrnie v. Town of Cromwell, 243 F.3d 93, 107-08 (2d Cir. 2001)). The Second Circuit has noted that, although a case by case approach is appropriate, the culpable state of mind factor is in some cases "satisfied by a showing that the evidence was destroyed knowingly, even if without intent to [breach a duty to preserve it], or negligently." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 108 (2d Cir. 2002).

"The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge." Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001). Although a district court has broad discretion in crafting a proper sanction for spoliation, the Second Circuit has explained that the applicable sanction should

be designed to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine. West, 167 F.3d at 779. The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore "the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." Id.

On the present record, the moving party has not established that the plaintiff destroyed evidence after an obligation to preserve had arisen or that it was destroyed with a culpable state of mind. The motion is therefore DENIED.[1]

SO ORDERED at Hartford, Connecticut this 15th day of February, 2011.

                                           _____/s/_____
                                           Donna F. Martinez
                                           United States Magistrate Judge

---

[1] This ruling is made without prejudice to a request that an adverse inference instruction be included in the court's charge to the jury.