UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID DALL, | : |
| Plaintiff, | : |
| v. | : |
| CERTIFIED SALES, INC., | : CASE NO. 3:08CV19(DFM) |
| Defendant, | : |
| v. | : |
| NORTHERN INS. CO. | : |
| Third-Party Defendant. | : |

RULING ON MOTION *IN LIMINE*

Pending before the court is the third party defendant's Motion *in Limine*, doc. #69, which asks the court to preclude the plaintiff from offering any testimony regarding oral representations that the defendant allegedly made prior to plaintiff's purchase of the boat at issue. Oral argument was held on February 9, 2011.[1]

The parties agree that this case is governed by Connecticut's enactment of the Uniform Commercial Code, Conn. Gen. Stat. §42a-1-101, *et seq.* (the "U.C.C."). The U.C.C. sets forth the following formulation of the parol evidence rule:

---

[1]After reviewing the parties' written briefs, the court had questions. Consequently, on February 3, 2011, the court held a telephonic status conference on the record and provided counsel with a laundry list of questions to guide their preparation for argument. Since the argument, the court has scoured the record and the law on all issues raised by the parties in connection with this motion.

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented (a) by course of performance, course of dealing or usage of trade as provided by section 42a-1-303; and (b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

Conn. Gen. Stat. § 42a-2-202. "[T]he parol evidence rule is not a rule of evidence, but a substantive rule of contract law." <u>HLO Land Ownership Assocs. Ltd. Pshp. v. City of Hartford</u>, 248 Conn. 350, 357 (Conn. 1999)(internal citation and quotation marks omitted). The rule "prohibits the use of extrinsic evidence to vary or contradict the terms of an integrated written contract." <u>Foley v. Huntington Co.</u>, 42 Conn. App. 712, 733 (1996).

> The rule is premised upon the idea that when the parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing. After this, to permit oral testimony, or prior or contemporaneous conversations, or circumstances, or usages [etc.], in order to learn what was intended, or to contradict what is written, would be dangerous and unjust in the extreme.

<u>HLO Land Ownership Assocs. Ltd. Pshp. v. City of Hartford</u>, 248 Conn. 350, 357-358 (Conn. 1999).

Parol evidence is admissible, however, "if relevant (1) to explain an ambiguity appearing in the instrument; (2) to prove a

2

collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud." Palozie v. Palozie, 283 Conn. 538, 549 (Conn. 2007).

At oral argument, the plaintiff contended that defendant's verbal representations were terms of an oral contract between the plaintiff and the defendant. That contract, the plaintiff argues, included a verbal warranty that the boat had "fresh engines" and the defendant breached the contract by delivering a boat with damaged engines. This argument fails. Despite plaintiff's insistence to the contrary, it is apparent that he injects defendant's oral statements into the case in an attempt to vary the terms of the parties' written contract.

The plaintiff bought the boat by bidding at an auction. Under the Uniform Commercial Code's provision on sale by auction, a bid is an offer and a contract is formed when accepted by the auctioneer upon the "fall of the hammer." See Conn. Gen. Stat. §42a-2-328; 1 Williston on Contracts, §4:12 (4th ed.); 3A Anderson U.C.C. § 2-328:7 (3d ed.). The plaintiff's written bid form set forth the terms of the contract. Among other provisions, it states that the vessel was sold "as is," that "[n]o verbal agreement can be applied" and that there is "no warranty or guarantee expressed or implied." (Northern Mem.,

3

doc. #70, Exhibit 1.)  Thus, the plaintiff entered into a contract for an as-is sale, with disclaimer of both express and implied warranties.  See Conn. Gen. Stat. § 42a-2-316(3).  Plaintiff's attempt to introduce evidence of prior oral statements to prove the existence of warranties which vary the terms of the parties' written contract is exactly what is barred by the parol evidence rule.

The plaintiff also argued, in his briefs, that the evidence is admissible to prove fraud.  He says that the defendant's verbal representations were intended to, and did, fraudulently induce him to enter into the contract.

Plaintiff is correct in observing that prior oral representations are admissible to show fraud.  "The opportunity to present evidence of fraud long has been recognized as an exception to the parol evidence rule." Tallmadge Bros. v. Iroquois Gas Transmission Sys., L.P., 252 Conn. 479, 505 (Conn. 2000).  "Fraud vitiates all contracts, written or otherwise; no rule of law, including the parol evidence rule, deprives a trial court of the power to allow oral testimony to prove fraud." Harold Cohn & Co. v. Harco Int'l, 72 Conn. App. 43, 49 (2002).  To show fraudulent inducement, the defrauded party must prove the following elements:

> (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury . . . .

4

Harold Cohn & Co. v. Harco Int'l, 72 Conn. App. 43, 51 (2002). The first three elements must be proven "by a standard higher than the usual fair preponderance of the evidence, which higher standard we have described as clear and satisfactory or clear, precise and unequivocal." Id.

The plaintiff has lost sight of his complaint. The court previously dismissed his tort claims, including a fraudulent inducement claim, on statute of limitations grounds. Only Count 3 of the complaint remains, and it is a breach of contract claim.[2] The plaintiff's argument is an attempt to resurrect his claims of fraudulent inducement.

For all the foregoing reasons, the Motion in Limine, doc. #69, is GRANTED.

SO ORDERED at Hartford, Connecticut this 15th day of February, 2011.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[2]The plaintiff has argued that Count 3, the contract count, includes a claim for rescission. Again, he has lost sight of his pleading. The Prayer for Relief in his complaint, doc. #1, seeks "Recission [sic] on the First Count." The first count has been dismissed. The complaint includes no claim of rescission in Count 3 and plaintiff may not add the claim now. See doc. #123.

5